UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WINDOWS OVER HARLEM
RESTAURANT & CATERING, INC. and
EVA L. FRAZIER,

                         Plaintiffs,

              v.

WILLIE WALKER, ERIC MILLER,
WILLIAM L. HILL, JR., NEW YORK
STATE OFFICE OF GENERAL SERVICES
and EMPIRE STATE DEVELOPMENT
CORPORATION,

                         Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3 / 15 / 11

**ORDER**

10 Civ. 0876 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Between 2006 and 2010, Plaintiffs operated a restaurant, "Windows Over

Harlem," in the Adam Clayton Powell, Jr. State Office Building in New York, New York (the

"Powell Building"), pursuant to a contract with Defendant New York State Office of General

Services ("OGS"). In 2010, Plaintiffs' contract to provide food vending services expired, and

OGS chose not to renew the contract.

        In this action, Plaintiffs assert: breach of contract (Claim 1); violation of certain

civil rights statutes, 42 U.S.C. §§ 1981, 1983 (Claim 2); violation of 18 U.S.C. § 1038(b), which

prohibits false security threats (Claim 3); violation of the civil RICO statute, 18 U.S.C. § 1962(c)

and (d) (Claim 4); negligence (Claim 5); intentional infliction of emotional distress (Claim 6);

and violation of Plaintiff Frazier's Due Process rights under the Fourteenth Amendment (Claim

7). Defendants move to dismiss all of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6). (Docket

No. 28) For the reasons set forth below, Defendants' motion to dismiss will be GRANTED.

## BACKGROUND

The State of New York owns the Powell Building located at 163 West 125th

Street in Manhattan, and operates the building through OGS.  (See Am. Cmplt. ¶ 3; Arcati Decl.,

Ex. B at 1)[1]  On January 26, 2005, Plaintiff Eva Frazier, as the majority owner and operator of

Windows Over Harlem Restaurant & Catering, Inc. ("Windows"), entered into an agreement

with OGS in which Plaintiffs agreed to provide food and vending services at the Powell Building

(the "Agreement").  (Am. Cmplt. ¶ 3; see also Arcati Decl., Ex. B at 2)  The term of the

Agreement was as follows:

> This Agreement shall commence on February 12, 2005 and be in effect until
> February 11, 2010. . . . The term may be renewed at the State's option, and with
> the written agreement of both parties and approval of the State Comptroller, for an
> additional period or periods, not to exceed in the aggregate an additional five (5)
> years.

(Arcati Decl., Ex. B at 3)

In an August 28, 2009 letter, OGS informed Plaintiffs of its intent not to renew

the Agreement:

> Please be advised that, given your firm's continued delinquencies in meeting its
> financial obligations under the referenced Agreement, the Office of General
> Services (OGS) has no current intention to renew this Agreement upon the
> expiration of its original five-year term on February 11, 2010. . . .
>
> You should be aware that unless Windows Over Harlem were to completely
> eliminate its outstanding balance owed to OGS of approximately $50,000, it

---

[1]  Because the Agreement and the letters terminating the parties' relationship are integral to the
claims in the Complaint, they may be considered by this Court in resolving Defendants' motion
to dismiss.  See In re Merrill Lynch & Co., 273 F. Supp. 2d 351, 356 (S.D.N.Y. 2003) ("In
deciding a Rule 12(b)(6) motion, the Court may consider the following materials:  (1) facts
alleged in the complaint and documents attached to it or incorporated in it by reference, (2)
documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated
by reference. . . ." (citations omitted)); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48
(2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to
dismiss because there was undisputed notice to plaintiffs of their contents and they were integral
to plaintiffs' claim.").

would be found to be a nonresponsible firm and, as such, would be ineligible to bid on the new contract.

(Arcati Decl., Ex. C)

In a January 15, 2010 letter, OGS formally rejected Window's proposal to renew the Agreement.  That letter reads:

> Please be advised that, following a preliminary review of your firm's proposal received in response to the above RFP, the Office of General Services is constrained to reject said proposal as your firm has been found to be a nonresponsible bidder for purposes of this RFP. . . .
>
> As you were advised by Deputy Commissioner William Hill's letter dated August 28, 2009, given that Windows Over Harlem has an outstanding balance owed to OGS of over $50,000.00 under its current contract for this service, your firm would be found to be nonresponsible for purposes of the subject solicitation unless this issue could be remedied. We have entertained your arguments, considered your settlement offers, and provided numerous extensions of the payment deadline, but this matter still remains unresolved.
>
> Based upon the above findings, OGS feels that your firm's proposal should be rejected and no longer considered by the evaluation committee.

(Arcati Decl., Ex. D)

The Amended Complaint alleges that Defendants committed the following alleged violations of federal and state law:

> OGS and ESDC [Empire State Development Corporation] **effectively breached the State's contract** with WINDOWS and EVA FRAZIER and caused a reversal of fortune for EVA FRAZIER and WINDOWS' shareholders and nullified certain rights, privileges and provisions inherent in the original contract that ensured WINDOWS' and EVA FRAZIER'S success in the restaurant and catering business at the Adam Clayton Powell Jr. State Office Building.  (Am. Cmplt. ¶ 3 (emphasis in original))
>
> **Defendants discriminated against** and **deprived** EVA FRAZIER of **equal rights, under color of law, due to her age and race**, absent which she would have successfully managed WINDOWS and thus **enforced her contract** with OGS to operate a restaurant and catering service from the third and fifth floors of the Adam Clayton Powell Jr. State Office Building located at 163 West 125th Street, New York, New York.  (Id. ¶ 4 (emphasis in original))

Defendants imposed a Category 3 building-wide security alert that arose from a **bomb hoax** perpetrated by Defendants and which targeted WINDOWS and EVA FRAZIER and thus caused decreased sales and increased costs to WINDOWS' and EVA FRAZIER'S restaurant and catering services and special events. (Id. ¶ 5 (emphasis in original))

Defendants **conspired** and engaged in a **pattern of racketeering** that caused substantial **damages** to WINDOWS and EVA FRAZIER. (Id. ¶ 6 (emphasis in original))

Defendants **negligently performed** their duties and **engaged in multiple tortious acts** intended to frustrate sales and drive WINDOWS and EVA FRAZIER into bankruptcy. (Id. ¶ 7 (emphasis in original))

Defendants engaged in multiple acts of **aggravated harassment** against EVA FRAZIER intended to frustrate and destroy her restaurant and catering business and render her emotionally distraught. (Id. ¶ 8 (emphasis in original))

Defendants violated WINDOWS' and EVA FRAZIER'S **rights to due process under the law** when it constructively and forcibly evicted WINDOWS and EVA FRAZIER from the third floor restaurant and fifth floor offices of the Adam Clayton Powell Jr. State Office Building. (Id. ¶ 9 (emphasis in original))

In addition to damages, Plaintiffs seek injunctive relief restoring them to the premises and restraining Defendants "from acting to terminate WINDOWS' and EVA FRAZIER'S leasehold without due process." (Id. Prayer for Relief)

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555).

"When determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiffs' . . . complaint, . . . to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).[2]

## I.   PLAINTIFFS' SECTION 1981 AND 1983 CLAIMS WILL BE DISMISSED

Plaintiffs bring claims under 42 U.S.C. §§ 1981 and 1983, alleging that Defendants discriminated against and deprived Frazier "of equal rights, under color of law" on the basis of her age and race (Am. Cmplt. ¶ 4); violated Plaintiffs' "rights to due process under the law when they constructively and forcibly evicted" Plaintiffs from the Powell Building (Am. Cmplt. ¶ 28); and denied Frazier the "right to the pursuit of life, liberty and happiness." (Am. Cmplt. ¶ 14)  For the reasons stated below, these claims must be dismissed.

### A.   Section 1981 Claims

Section 1981 provides that:

---

[2]  Defendants OGS and Empire State Development Corporation ("ESDC") have joined the motion to dismiss, arguing that Plaintiffs' claims against them are barred by the Eleventh Amendment. (Notice of Motion (Dkt. No. 28); Def. Br. 4-6)  In a February 11, 2010 order, however, the Court dismissed all claims against OGS and ESDC on Eleventh Amendment grounds. (Dkt. No. 13; see Feb. 11, 2010 Order)  Accordingly, they are not parties to this case and the motion to dismiss is moot as to them.

> All persons . . . shall have the same right . . . to make and enforce contracts . . .
> and to the full and equal benefit of all laws and proceedings for the security of
> persons and property as is enjoyed by white citizens.

42 U.S.C. § 1981(a).

In Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735 (1989), the Supreme Court

held "that the express 'action at law' provided by § 1983 for the 'deprivation of any rights,

privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal

damages remedy for the violation of rights guaranteed by § 1981 when the claim is pressed

against a state actor." (citations omitted).  Accordingly, where, as here, plaintiffs sue a state actor

for claims of discrimination under both §§ 1981 and 1983, the § 1981 claim merges into the §

1983 claim and the § 1981 claim must be dismissed.  See Edwards v. Town of Huntington, No.

05-CV-339 (NGG)(AKT), 2007 WL 2027913, at *3 (E.D.N.Y. July 11, 2007) (dismissing

plaintiff's § 1981 claim against state actor where plaintiff had brought claims under both § 1981

and § 1983); Roper v. Hynes, No. 05 Civ. 7664(WHP), 2006 WL 2773032, at *12 (S.D.N.Y.

Sept. 27, 2006) ("§ 1983 provides the sole remedy against all Defendants for violations of rights

guaranteed by  § 1981, and [plaintiff's] claims under § 1981 are dismissed."); Sullivan v.

Newburgh Enlarged Sch. Dist., 281 F. Supp. 2d 689, 708 (S.D.N.Y. 2003) ("[P]laintiff's [§]

1981 claim for racial discrimination must be pursued through [§] 1983. . . ."); see also Anderson

v. Conboy, 156 F.3d 167, 176 n.17 (2d Cir. 1998) ("42 U.S.C. § 1983 . . . provides the 'exclusive

federal remedy for violation of the rights guaranteed in § 1981 by state governmental units.'"

(citations omitted)).

The Jett rule applies both to governmental entities and individuals who are "state

actors."  See Roper, 2006 WL 2773032, at *12 ("Jett has been interpreted to encompass not only

governmental entities but also individuals sued in their individual capacities who are 'state

actors.'" (citing <u>Roddini v. City Univ. of N.Y.</u>, No. 02 Civ. 4640(LAP), 2003 WL 435981, at *5

(S.D.N.Y. Feb. 21, 2003))); <u>Hill v. Taconic Developmental Disabilities Servs. Office</u>, 283 F.

Supp. 2d 955, 957 (S.D.N.Y. 2003) ("[T]he individual defendants are all state actors, so any

claim against them for violation of plaintiff's rights under [§] 1981 or the Equal Protection

clause of the Fourteenth Amendment is actionable exclusively under [§] 1983." (citations

omitted)). Accordingly, Defendants' motion to dismiss Plaintiffs' § 1981 claims will be granted.

    **B.**    <u>**Section 1983 Claims**</u>

        **1.**    <u>**Applicable Law**</u>

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress. . . .

"In order to establish individual liability under § 1983, a plaintiff must show (a)

that the defendant is a 'person' acting 'under the color of state law,' and (b) that the defendant

caused the plaintiff to be deprived of a federal right." <u>Back v. Hastings On Hudson Union Free</u>

<u>Sch. Dist.</u>, 365 F.3d 107, 122 (2d Cir. 2004); <u>see also</u> <u>Sutton v. N.Y. City Transit Auth.</u>, No. 02-

CV-1441(RRM)(JO), 2009 WL 5092989, at *5 (E.D.N.Y. Sept. 30, 2009) (citing <u>Velez v. Levy</u>,

401 F.3d 75, 84 (2d Cir. 2005)).

"According to the Supreme Court, a person acts under color of state law only

when exercising power possessed by virtue of state law and made possible only because the

wrongdoer is clothed with the authority of state law." <u>Back</u>, 365 F.3d at 122-23 (citations and

quotations omitted). "[S]tate employment is generally sufficient to render the defendant a state

actor . . . ." <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 935 n.18 (1982). "Generally, a public

7

employee acts under color of state law while acting in his or her official capacity or while exercising his or her responsibilities pursuant to state law." Ragin, 2009 WL 4906111, at *6 (citing West v. Atkins, 487 U.S. 42, 50 (1988)). "[T]he relevant question in determining whether an action was taken under color of law is not whether the [action] was part of the defendant's official duties but, rather, whether the [action] was made possible only because the wrongdoer is clothed with the authority of [state or] [federal] law." See United States v. Temple, 447 F.3d 130, 138 (2d Cir. 2006) (alterations in original) (citations and internal quotations omitted).

As to the deprivation of a federal right, "[s]ection 1983 'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'" McIntyre v. Longwood Cent. Sch. Dist., No. 07-CV-1337 (JFB)(ETB), 2008 WL 850263, at *10 (E.D.N.Y. Mar. 27, 2008) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); accord Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004) (same).

"'[T]o state a civil rights claim under [§] 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under [§] 1983.'" McDay v. Paterson, No. 09 Civ. 500 (PKC)(GWG), 2010 WL 4456995, at *6 (S.D.N.Y. Nov. 1, 2010) (quoting Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987)). "The Second Circuit has cautioned that 'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" Robinson v. Allstate, 584 F. Supp. 2d 617, 620 (W.D.N.Y. 2008) (quoting Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987)); see also Smith v. Masterson, 05 Civ. 2897(RWS), 2006 WL 2883009, at *13

8

(S.D.N.Y. Sept. 29, 2006) ("To withstand a motion to dismiss, a [§] 1983 complaint must set forth specific factual allegations indicating a deprivation of constitutional rights.").

      Courts regularly dismiss § 1983 claims where they lack sufficient factual support. See, e.g., McDay, 2010 WL 4456995, at *7 (dismissing plaintiff's § 1983 claims because, inter alia, "absent from the Amended Complaint [were] allegations of specific facts articulating what conduct the individual defendants personally engaged in to cause plaintiff's alleged constitutional deprivations"); Johnson ex rel. Johnson v. Columbia Univ., 99 Civ. 3415(GBD), 2003 WL 22743675, at *3 (S.D.N.Y. Nov. 19, 2003) (dismissing § 1983 equal protection claim that was "unsupported by any alleged operative facts"); see also Alfaro Motors, Inc., 814 F.2d at 887 (noting that the "district court . . . could have dismissed the complaint for failure to state a claim" because the plaintiffs' "general and conclusory allegation, without more, that they were denied 'a prompt administrative hearing' does not meet the requisite standard for pleadings in a § 1983 action").

### 2.   Analysis

      The Amended Complaint asserts that "from 2006 to 2010 Defendants discriminated against and deprived EVA FRAZIER of equal rights, under color of law, due to her age and race," and thus violated § 1983. (Am. Cmplt. ¶¶ 4, 12-14)  The most basic facts necessary to plead a § 1983 claim are not pled, however.

      For example, the Amended Complaint does not plead facts demonstrating:

(1) the race or age of Plaintiff Frazier;

(2) discriminatory intent or selective treatment of any kind;

(3) what action the individual defendants took against Plaintiffs under color of law; or

(4)  that the individual defendants were acting in their official capacity when they took action against Plaintiffs.

At best, the Amended Complaint and the Agreement on which it is based demonstrate that Defendants did not renew Plaintiffs' contract to provide food vending services in the Powell Building, and that Defendants took certain unspecified actions during the term of the Agreement which made it more difficult for Plaintiffs' business operations to be successful at that location.  These allegations are not sufficient to meet the showing required by Iqbal and Twombley.  The Amended Complaint fails to allege how Defendants violated Plaintiffs' federal rights pursuant to § 1983, how Defendants discriminated against Frazier on the basis of her age and race, and how Defendants' conduct violated Plaintiffs' right to due process.  Accordingly, Plaintiffs have not pleaded sufficient facts to set forth a "'claim to relief that is plausible on its face,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570), but have instead "tender[ed] 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557).  Because the Amended Complaint offers only vague allegations and "general conclusions" that Defendants deprived Frazier of her constitutional rights, these claims must be dismissed as insufficient.  See Barr, 810 F.2d at 363 ("These claims were properly dismissed for vagueness.  As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights. . . ." (citing Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir. 1977); Koch v. Yunich, 533 F.2d 80, 85 (2d Cir. 1976); Powell v. Jarvis, 460 F.2d 551, 553 (2d Cir. 1972)).

Finally, the Amended Complaint alleges that Defendants "denied Plaintiff EVA FRAZIER right [sic] to the pursuit of life, liberty and happiness and caused substantial economic harm and considerable anguish. . . ."  (Am. Cmplt. ¶ 14)  While the Declaration of Independence provides that all people are endowed with the right of "Life, Liberty and the pursuit of

Happiness," this is not a specific federal right conferred by the United States Constitution or federal statute within the meaning of § 1983. See Shuttlesworth v. Housing Opportunities Made Equal, 873 F. Supp. 1069, 1080 (S.D. Ohio 1994) (finding that "[p]laintiff has failed to identify any legally cognizable federal constitutional or statutory right that Defendants are alleged to have denied him" despite claimed violation of the right to "life, liberty and the pursuit of happiness").

In sum, because the allegations of the Amended Complaint are "'nothing more than broad, simple and conclusory statements'" that lack "'specific allegations of fact which indicate a deprivation of constitutional rights,'" they "'are insufficient to state a claim under § 1983.'" Cabble v. City of New York, No. 04 CV 9413(LTS), 2009 WL 890098, at *2 (S.D.N.Y. Mar. 30, 2009) (citations omitted) (quoting Torres v. Mazzuca, 246 F. Supp. 2d 334, 338 (S.D.N.Y. 2003)). Accordingly, Defendants' motion to dismiss Plaintiffs' § 1983 claims will be granted.

## II.    PLAINTIFFS' RICO CLAIMS WILL BE DISMISSED

The Amended Complaint alleges that Defendants violated the Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 and 1962 (c) and (d). (Am. Cmplt. ¶ 17, 18) Defendants move to dismiss these claims, arguing that Plaintiffs have failed to plead factual allegations sufficient to state civil RICO claims. (Def. Br. 11)

### A.    Applicable Law

Section 1962 provides a private cause of action for those injured by another's pattern of racketeering activity. It states, in relevant part:

> (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise

> which is engaged in, or the activities of which affect, interstate or foreign commerce. . . .
>
> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. . . .

18 U.S.C. § 1962. Subsection (d) of 18 U.S.C. § 1962 makes it unlawful "for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d).

> Accordingly,
>
> [t]o state a claim for civil damages under [§] 1962, a plaintiff has a twofold pleading burden. First, the plaintiff must allege that the defendant has violated the substantive RICO statute, 18 U.S.C. § 1962. See Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983). Second, the plaintiff must allege that he or she was injured in his or her business or property by reason of the violation of Section 1962. See 18 U.S.C. § 1964(c); Moss, 719 F.2d at 17.

Kirk v. Heppt, 423 F. Supp. 2d 147, 150 (S.D.N.Y. 2006).

In order to meet the first part of the pleading burden – making out a violation of the substantive RICO statute – a "plaintiff . . . must allege: '(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce.'" Zavalidroga v. Cote, 395 F. App'x 737, 740–41 (2d Cir. 2010) (quoting Moss, 719 F.2d at 17). "'Civil RICO is an unusually potent weapon – the litigation equivalent of a thermonuclear device.'" Katzman v. Victoria's Secret Catalogue, 167 F.R.D. 649, 655 (S.D.N.Y. 1996) (quoting Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir. 1991)). "Because the 'mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants, . . . courts should strive to

flush out frivolous RICO allegations at an early stage of the litigation.'"  Id. (quoting Figueroa

Ruiz v. Alegria, 896 F.2d 645, 650 (1st Cir. 1990).

    **B.**   **Analysis**

        Plaintiffs allege that "[f]rom 2006 to 2010, Defendants conspired and engaged in

a pattern of racketeering that caused substantial damages to WINDOWS and EVA FRAZIER,"

and that Defendants "knowingly and intentionally act[ed] and conspire[d] to keep Plaintiffs'

business constrained by and through a pattern of racketeering through a corrupt administrative

policy established to benefit a certain enterprise owned and operated by Defendants."  (Am.

Cmplt. ¶¶ 6, 18)

        The Amended Complaint's conclusory allegations are not sufficient to survive a

motion to dismiss.  See, e.g., Spool, 520 F.3d at 183.  Plaintiffs have not alleged, inter alia, what

type of racketeering conduct was committed by the Defendants, what predicate acts they

committed, how the alleged predicate acts constitute a "pattern," what "enterprise" Defendants

participated in, and whether that enterprise affected interstate or foreign commerce.  Because

Plaintiffs fail to allege the most basic facts necessary to plead a substantive civil RICO claim,

that claim will be dismissed.  See id.  Moreover, because the Amended Complaint fails to state a

claim as to Plaintiffs' alleged substantive RICO violation, Plaintiffs have not adequately alleged

a RICO injury, and their RICO conspiracy claim fails as well.  See First Capital Asset Mgmt.,

Inc. v. Satinwood, Inc., 385 F.3d 159, 182 (2d Cir. 2004) ("[B]ecause Plaintiffs did not

adequately allege a substantive violation of RICO in Count Five . . . the District Court properly

dismissed Count Six, which alleged a RICO conspiracy in violation of 18 U.S.C. § 1962(d)."

(citations omitted)); Cofacredit, S.A. v. Windsor Plumbing Supply Co., 187 F.3d 229, 244 (2d

Cir. 1999) ("To establish the existence of a RICO conspiracy, a plaintiff must prove the

existence of an agreement to violate RICO's substantive provisions." (citations and internal

quotations omitted)); <u>Discon, Inc. v. NYNEX Corp.</u>, 93 F.3d 1055, 1064 (2d Cir. 1996) ("Since

we have held that the prior claims do not state a cause of action for substantive violations of

RICO, the present claim does not set forth a conspiracy to commit such violations."), <u>vacated</u> <u>on</u>

<u>other</u> <u>grounds</u>, 525 U.S. 128 (1998); <u>see</u> <u>also</u> <u>World Wrestling Entm't, Inc. v. Jakks Pac., Inc.</u>,

530 F. Supp. 2d 486, 530 (S.D.N.Y. 2007); <u>Allen v. New World Coffee, Inc.</u>, No. 00 Civ.

2610(AGS), 2002 WL 432685, at *6 (S.D.N.Y. Mar. 19, 2002) ("The dismissal of all of

plaintiffs' RICO claims leaves the conspiracy cause of action without a leg to stand on. 'Any

claim under § 1962(d) based on conspiracy to violate the other subsections of [§] 1962 must fail

if the substantive claims are themselves deficient.'" (quoting <u>Discon</u>, 93 F.3d at 1064)).

## III.   PLAINTIFFS' FALSE SECURITY THREAT CLAIM WILL BE DISMISSED

Plaintiffs allege that Defendants violated 18 U.S.C. § 1038, which provides those

who incur investigative or emergency-related expenses as the result of a false security threat with

a civil cause of action against the individual who made the false report. (Am. Cmplt. ¶ 16)  The

Amended Complaint alleges that Defendants "bogusly introduced a Category 3 building-wide

security alert that eliminated WINDOW'S use of the underground parking facilities for its

patrons and prevented tourists from entering the premises with camera [sic] and other

photographic and electronic recording instruments," thereby "constrain[ing] the opportunities

available to [Plaintiffs] to benefit from the increasingly popular tourist market visiting Harlem."

(Am. Cmplt. ¶ 16)

Section 1038 provides that

[w]hoever engages in any conduct with intent to convey false or misleading
information under circumstances where such information may reasonably be
believed and where such information indicates that an activity has taken, is taking,
or will take place that would constitute a violation of chapter 2, 10, 11B, 39, 40,
44, 111, or 113B of this title, section 236 of the Atomic Energy Act of 1954 (42

U.S.C. [§] 2284), or section 46502, the second sentence of section 46504, section 46505 (b)(3) or (c), section 46506 if homicide or attempted homicide is involved, or section 60123(b) of title 49 is liable in a civil action to any party incurring expenses incident to any emergency or investigative response to that conduct, for those expenses.

18 U.S.C. § 1038(b).

Once again, Plaintiffs have failed to plead facts necessary to support their claim. While it appears that Defendants imposed some kind of security alert that restricted public access to the underground parking garage and the use of cameras in that space, the Amended Complaint does not set forth what allegedly "false or misleading information" Defendants provided. Nor does the Amended Complaint specify what investigative or emergency-related expenses Plaintiffs incurred as a result of Defendants' conduct. Plaintiffs likewise do not explain why a statute aimed at, for example, the perpetrators of a false bomb threat, would restrict Defendants' ability to control public access to an underground parking garage in a building that Defendants manage and operate. Plaintiffs' § 1038 claim will be dismissed.

## V.   PLAINTIFFS' PENDENT STATE LAW CLAIMS

Under 28 U.S.C. § 1367(c), "a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." Schaefer v. Town of Victor, 457 F.3d 188, 210 (2d Cir. 2006) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). "[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice." Tops Mkts., Inc. v. Quality Mkts., Inc., 142 F.3d 90, 103 (2d Cir. 1998) (citing Carnegie-Mellon Univ., 484 U.S. at 350) (emphasis in original).

There is no reason to deviate from this rule here.  Accordingly, Plaintiffs'

remaining pendent state law claims for breach of contract, negligence, intentional infliction of

emotional distress, and forcible eviction will be dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED.

The Clerk of the Court is directed to terminate the motion (Docket No. 28).

Dated: New York, New York
       March 15, 2011

SO ORDERED.

Paul G. Gardephe
United States District Judge